SPENCER HEATER COMPANY, A CORPORATION, APPELLANT, v. RANDOLPH ABBOTT, TRADING, ETC., AS PARK FLORAL COMPANY, RESPONDENT.

Submitted December 10, 1917—Decided June 19, 1918.

1. Where the evidence tended to show that a manufacturer of steam heaters, at the request of a florist, sent his salesman to the florist's greenhouse for a consultation as to the number and sizes of heaters required for the florist's purposes, and the salesman examined the premises, took measurements, and told the florist (who disclaimed any knowledge of the number and sizes required) that a Number 11 and a Number 12 would supply the heat required, and agreed to furnish them, it was open to the jury to find that there was a warranty of the fitness of the heaters for the purposes contemplated.

2. The question whether or not a statement or affirmation accompanying a sale is a warranty depends upon whether the conditions were such that the vendee had a right to understand, and did understand, that what was said by the vendor was meant as a warranty. A decisive test is whether the vendor assumes to assert a *fact* of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion, and to exercise his judgment. In the former case there is a warranty; in the latter, not.

3. A principal may ratify his agent's unauthorized warranty, and if, with full knowledge of all the facts and circumstances attending the transaction, he does so, he is bound thereby.

4. When the evidence tended to show that a manufacturer of steam heaters, which failed to do the work that they were warranted by his agent to do, with full knowledge of all the facts and circumstances of the transaction, acknowledged that the trouble was due to the mistake of his agent, offered to pay the expense of a temporary makeshift, proceeded to install adequate heaters, and all without any repudiation of the acts of his agent, it was open to the jury to find that thereby he ratified the warranty of his agent.

5. For the failure to fulfill a contract to furnish steam heaters adequate to heat a greenhouse sufficiently to force plants for the winter and early spring markets, the measure of damage is the difference between the market value of such plants in the winter and early spring markets and their market value when they were in fact matured.

On appeal from the Mercer County Circuit Court.

For the appellant, *Joseph L. Bodine.*

For the respondent, *Richard S. Wilson* and *W. Holt Apgar.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought on a mechanics' lien claim to recover the price of certain Spencer steam heaters furnished to the defendant, together with some smaller items of labor and expense.

The defendant is a florist. He admitted that the claim was unpaid, and, with his answer, filed a counter-claim for loss of profits on plants, and for expenses, caused by the alleged failure of the plaintiff to perform its contract to furnish heaters adequate to heat the defendant's greenhouses.

The jury rendered a verdict for the defendant and the plaintiff appealed from the consequent judgment.

We are of the opinion that the judgment must be reversed and a new trial awarded to be limited as herein stated.

We think that the motion for a direction of a verdict in favor of the plaintiff was properly denied.

The motion seems to have been based mainly upon the contention that there was no legal evidence of an express warranty of the fitness of the heaters to do the work required by the defendant and that under the contract no warranty could be implied.

It may be assumed that no such warranty could be implied from the contract which would have grown out of the original order for Number 13 heaters (which was in writing and contained a reservation with warranties), if it had been accepted, but it was not accepted and such heaters were not delivered.

The evidence tended to show that what then occurred was this: After receiving such order, the plaintiff, at the request of the defendant, sent its salesman to the defendant's place for a consultation as to the number and sizes of heaters required for the defendant's purposes. The salesman went there, examined the premises, took measurements, and told the defendant (who disclaimed any knowledge of the number and sizes required) that a Number 11 and a Number 12 would supply the heat required, and agreed to furnish them. Now, the question whether or not a statement or affirmation accompanying a sale is a warranty depends upon whether the conditions were such that the vendee had a right to understand, and did understand, that what was said by the vendor was meant as a warranty. A decisive test is whether the vendor assumes to assert a *fact* of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion, and to exercise his judgment. In the former case there is a warranty; in the latter, not. *Wolcott* v. *Mount,* 38 *N. J. L.* 496. Tested by that rule it was open to the jury to find (as they did) that the plaintiff warranted the heaters to do the work the defendant required.

The plaintiff, however, contends that its salesman had no authority to warrant the heaters. In view of the evidence, we doubt if there is any merit in this contention. But whether so or not is immaterial. A principal may ratify his agent's

unauthorized warranty, and if, with full knowledge of all the facts and circumstances attending the transaction, he does so, he is bound thereby. *Gulick* v. *Grover,* 33 *N. J. L.* 463. In the present case, the evidence tends to show that after the heaters furnished had failed to do the work, the facts and circumstances were brought to the attention of the manager of the plaintiff, who had ample authority. He acknowledged that the trouble was due to the mistake of their agent, offered to pay the expense of a temporary makeshift, proceeded to install adequate heaters, and all without any repudiation of the acts of their salesman.

We think, therefore, that the motion for a direction was properly denied.

But we think the learned trial judge erred in his charge respecting the measure of damages.

It was a part of defendant's business to force plants into bloom to make them ready for the winter and early spring markets, and for that purpose he required heat in his greenhouse of a certain temperature. It was open to the jury to find that the plaintiff knew this and contracted to furnish heaters for that purpose and failed in the performance of that contract. The trial judge directed the jury to consider the retail price of the flowers, what it would cost to replace them, and all the surrounding circumstances. But we think that was an inaccurate and misleading statement of the measure of damages in a case of the retardation in the developement of plants for a particular market. The true measure of damage was the difference between the market value of such plants in the winter and early spring markets and their market value when they were in fact matured. *Wolcott* v. *Mount,* 36 *N. J. L.* 262.

The judgment will be reversed and a *venire de novo* awarded. Since the only question with respect to which judgment is wrong is the measure of damages, and since that question is here separaable, the new trial will be limited thereto, pursuant to rule 131 of the Supreme Court made applicable to appeals by rule 147.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Williams, Taylor, Gardner, JJ.   13.